UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARVIN TATE BROADUS,<br><br>              Plaintiff,<br><br>   v.<br><br>DEPARTMENT OF ADULT AND JUVENILE DETENTION, et al., | CASE NO. 2:21-cv-01720-RSM-BAT<br><br>**REPORT AND RECOMMENDATION** |

In January 2020, Plaintiff filed a *pro se* prisoner 42 U.S.C. § 1983 Complaint. Dkt. 5. Defendants moved to dismiss the complaint on March 24, 2022, Dkt. 11. The Court subsequently granted Plaintiff's motion to amend the complaint, Dkt. 28, and Plaintiff filed an amended complaint naming as Defendants Department of Adult and Juvenile Detention (DAJD) employees John Diaz, Ed Norman, and Gregg Curtis. Dkt. 33. Because an amended complaint entirely replaces the original complaint, the original complaint and original motion to dismiss are moot, and the only Defendants in this case are Mr. Diaz, Mr. Norman, and Mr. Curtis.

As the Court allowed amendment of the complaint, the Court granted Defendants leave to file an amended motion to dismiss with a noting date of July 15, 2022. Dkt. 28. Plaintiff was advised any response to the amended motion to dismiss was due on July 11, 2022. *Id.*

REPORT AND RECOMMENDATION - 1

On June 30, 2022, Defendants filed an amended motion to dismiss. Dkt. 33. The Court has not received a response to the motion from Plaintiff. The Court has reviewed the matter and recommends the amended motion to dismiss be GRANTED and the amended complaint be DISMISSED with prejudice.

## BACKGROUND

### A. The Amended Complaint

Plaintiff names Defendants John Diaz, Director of DAJD; Ed Norman DAJD Food Services Director; and Gregg Curtis DAJD Corrections Program Administrator. Dkt. 29 at 3. Count I avers Defendants violated Plaintiff's First Amendment right to "free exercise of religion." *Id.* at 4. In specific In December 2020 the jail provided "inmates" sealed T.V. Dinners due to the Covid outbreak. Plaintiff alleges he received a religious "Halal," and not a sealed T.V. Dinner, and that this violated his religious precepts and tenants. *Id.* at 5.

Count II alleges Defendants violated Plaintiff's Equal Protection rights under the Fourteenth Amendment. *Id.* at 6. Plaintiff again contends other inmates received sealed "T.V. Dinners," and in order for Plaintiff to receive a sealed T.V. Dinner he had to switch to a "regular" non-Halal diet. *Id.*

Plaintiff alleges Defendants acted under color of law and in their individual and official capacities violated Plaintiff's rights. Plaintiff in essence claims each Defendant, in their supervisory roles failed to ensure that Plaintiff receive a sealed Halal T.V. Dinner causing Plaintiff to give up his right to follow a religious diet and take non-Halal T.V. Dinners in violation of his First Amendment religious rights and the Fourteenth Amendment right to equal protection.

### B. Amended Motion to Dismiss

1    Defendants move under Fed. R. Civ. P. 12(b)(6) to dismiss the amended complaint for
2  failure to state a claim, and because Defendants enjoy qualified immunity from Plaintiff's
3  allegations.  Defendants contend, even accepting the allegations in the amended complaint,
4  Plaintiff fails to establish any Defendant had any direct involvement in the protocols or
5  procedures regarding Halal meal choices in December 2020. Dkt. 33 at 7. Defendants argue
6  Plaintiff's amended complaint is thus insufficient because it is based upon conjecture over what
7  Defendants did or did not do regarding the claimed violation. In short, Defendants argue the
8  amended complaint contains no facts showing they personally participated in the acts alleged by
9  Plaintiff, and the amended complaint thus fails to state a claim for relief. Defendants also argue
10 there is no Respondeat Superior liability in a §1983 action, and therefore Defendants cannot be
11 held liable based upon Plaintiff's allegations about their supervisory titles and roles. And lastly,
12 Defendants contend the doctrine of qualified immunity shields them because the providing
13 sealed meals was not a clearly established right at the time the alleged incident.

## DISCUSSION

15    Plaintiff sues Defendants under § 1983. To state a claim for relief under 42 U.S.C. §
16 1983, Plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or
17 created by federal statute, and (2) the violation was proximately caused by a person acting under
18 color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

19    To satisfy the second prong, Plaintiff must allege facts showing how individually named
20 defendants caused, or personally participated in causing, the harm alleged in the complaint. *See*
21 *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir.
22 1981). A person subjects another to a deprivation of a constitutional right when committing an
23 affirmative act, participating in another's affirmative act, or omitting to perform an act which is

legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

Defendants contend Plaintiff's amended complaint fails to state a claim for relief and should be dismissed under Rule 12(b)(6). Under Rule 12(b)(6), the Court may dismiss a complaint that lacks sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir.1990). To sufficiently state a claim and survive a motion to dismiss, the complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Mere "labels and conclusions" or the "formulaic recitation of the elements of a cause of action will not do." *Id*. The complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

The Court generally may not consider any material outside the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir.1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading," may be considered in ruling on a Rule 12(b)(6) motion. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir.1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir.2002). Also, the Court may take judicial notice of matters of public record.

REPORT AND RECOMMENDATION - 4

See Fed. R. Evid. 201; *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir.1986).

Defendants correctly contend the amended complaint lacks facts showing each Defendant personally participated in the alleged violation or directed the alleged violation. Rather the amended complaint alleges Defendants' supervisory roles make them liable for the manner in which the meals that provided to Plaintiff were packaged or wrapped. This is a conclusory statement that fails to set forth facts establishing each Defendant engaged in actions that exposed them to § 1983 liability. As noted above, a § 1983 suit cannot be based on vicarious liability alone but must allege the defendant's own conduct violated the plaintiff's civil rights. Plaintiff must allege facts, not simply conclusions, that show an individual was personally involved in the deprivation of his civil rights. Liability under § 1983 must be based on the personal involvement of the defendant. *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir.1980). The amended complaint should thus be dismissed for failing to set forth facts establishing Defendants' personal participation.

The Court also notes Count I alleges that Plaintiff's First Amendment rights to practice his religion were violated because he was not provided a sealed Halal meal. But this is not a case in which Defendants failed to provide Plaintiff a meal to meet his religious needs. The amended complaint avers Plaintiff in fact received Halal meals. Rather this is a case in which Plaintiff claims Defendants were required to provide him a sealed Halal T.V. Dinner because the general population was provided sealed regular T.V. Dinner meals to address potential health issues related to Covid. The amended complaint thus implies unsealed Halal meals posed some type of health risk, and Defendants thus were required to provide Plaintiff sealed Halal T.V. Dinner meals. Halal meals are ostensibly made separately from the regular prison meals or come from some sources that is different than a regular prison meal. The complaint presents nothing

REPORT AND RECOMMENDATION - 5

showing there were COVID-19 concerns regarding the preparation of Halal meals. Hence, the allegation that regular meals were "sealed" due to COVID-19 health concerns does not, alone, establish that those same health concerns also related to Halal meals. Furthermore, the amended complaint does not set forth facts establishing the "unsealed" Halal meals that were being served posed any health risk to Plaintiff.

Plaintiff alleges in Count II that Defendants violated his Equal Protection rights. To state an Equal Protection Claim under the Fourteenth Amendment, Plaintiff must establish Defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class. *Washington v. Davis*, 426 U.S. 229, 239–40, (1976); *Gutierrez v. Municipal Court of the Southeast Judicial District*, 838 F.2d 1031, 1047 (9th Cir.1988) (purposeful discrimination is an essential element of an equal protection claim). The amended complaint lacks any facts establishing intentional or purposeful intent to discriminate.

In addition to contending the amended complaint should be dismissed for failure to state a claim, Defendants argue the doctrine of qualified immunity bars Plaintiff's suit. "[Q]ualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "The threshold inquiry a court must undertake in a qualified immunity analysis is whether plaintiff's allegations, if true, establish a constitutional violation." *Hope v. Pelzer*, 536 U.S. 730, 736 (2002); *see also Saucier v. Katz,* 533 U.S. 194, 201 (2001), *overruled on other grounds by Pearson v. Callahan*, 555 U.S. 223 (2009). If the allegations make out a constitutional violation, the court must also determine whether the right alleged to have been violated was "clearly established." *Saucier*, 533 U.S. at 201. A district court

has "discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first." *Pearson*, 555 U.S. at 231-32.

Defendants contend receiving "sealed T.V. Dinners," was not a clearly established right in December 2020. Specifically, in 2020, COVID-19 had a new and novel impact on jails. Defendants assert that no Court had clearly established that in response to COVID-19, a sealed T.V. Dinner was a "right"; therefore Defendants argue they would not have been on reasonable notice they were required to provide Plaintiff a "sealed Halal T.V. Dinner." Defendants appear to be correct. The amended complaint asserts a right that was not established by any Court and thus the Court cannot say a reasonable person would have known that Plaintiff was entitled to a "sealed T.V. Dinner" as a matter of recognized law. The doctrine of qualified immunity thus bars this suit even assuming a violation of the constitution.

Accordingly, for the foregoing reasons, the Court recommends the amended complaint be dismissed with prejudice.

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **August 2, 2022.** The Clerk should note the matter for **August 5, 2022**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will

REPORT AND RECOMMENDATION - 7

then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed 10 pages. The failure to timely object may affect the right to appeal.

DATED this 15th day of July, 2022.

                                            _____
                                            BRIAN A. TSUCHIDA
                                            United States Magistrate Judge

REPORT AND RECOMMENDATION - 8